**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THE ALTERNATIVE SOURCE MEDICAL, LLC, a Delaware limited liability corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| CENTRAL VALLEY SPECIALTY HOSPITAL, INC., a California corporation; COLUSA REGIONAL MEDICAL CENTER, a California corporation; GLENN MEDICAL CENTER, INC., a California corporation; and PACIFIC GARDENS MEDICAL CENTER LLC, a California limited liability company, | ) ) ) ) ) ) ) ) | Case No.: <br><br> Ad Damnum:    $ 224,987.88 |
| Defendants. | ) ) | |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC (hereinafter referred to as "Plaintiff" or "TASM"), by and through its attorneys, PERL & GOODSNYDER, LTD., and hereby complains of the Defendants, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., a California corporation; COLUSA REGIONAL MEDICAL CENTER, a California corporation; GLENN MEDICAL CENTER, INC., a California corporation; and PACIFIC GARDENS MEDICAL CENTER LLC, a California limited liability company (hereinafter collectively referred to as "Defendants" and/or "Defendant Entities"). In support thereof, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff, TASM, brings this action against Defendants for Defendants' failure to pay for certain medical equipment purchased from Defendants.

2.      Defendants entered into a contract with TASM for the sale of medical equipment.

3. TASM shipped all orders to Defendants.

4. Defendants received and accepted the goods.

5. However, Defendants failed to pay the remaining balance on the orders, totaling $224,987.88.

6. By this action, TASM seeks, *inter alia*, damages and costs for bringing this action.

## **PARTIES**

7. Plaintiff is a Delaware limited liability corporation with its principal place of business located at 645 Forest Edge Drive Vernon Hills, Illinois 60061.

8. Upon information and belief, Defendant, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., is a California corporation with its principal place of business located at 730 17th Street, Modesto, California 95354.

9. Upon information and belief, Defendant, COLUSA REGIONAL MEDICAL CENTER, is a California corporation with its principal place of business located at 199 East Webster Street, Colusa, California 95932.

10. Upon information and belief, Defendant, GLENN MEDICAL CENTER, INC., is a California corporation with its principal place of business located at 1133 West Sycamore Street, Willows, California 95988.

11. Upon information and belief, Defendant, PACIFIC GARDENS MEDICAL CENTER LLC, is a California limited liability company with its principal place of business located at 21530 South Pioneer Boulevard, Hawaiian Gardens, California 90716.

12.     Upon information and belief, Defendants are each entirely or partially owned and operated by an individual named GURPREET SINGH.

13.     GURPREET SINGH operates several hospitals throughout California, including, but not limited to, Central Valley Specialty Hospital in Modesto, California, Colusa Regional Medical Center in Colusa, California, Glenn Medical Center in Willows, California, and Pacific Gardens Medical Center in Hawaiian Gardens, California.

14.     Upon information and belief, GIA SMITH is an individual that is employed as an officer and/or director and/or agent of several, if not all, of the Defendant Entities.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a) as TASM and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

16.     Venue in this District is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial amount of the events or omissions given rise to this claim occurred in Vernon Hills, Illinois.

## FACTS COMMON TO ALL COUNTS

17.     TASM is a leading medical and surgical equipment provider that supplies new, used, and professionally refurbished equipment.

18.     Defendants are skilled nursing facilities and/or hospitals with inpatient hospice.

19.     Defendants specialize in long term acute care and transitional care.

20. Defendants contacted TASM, through agents employed collectively by Defendants' hospitals, to inquire about purchases medical equipment for their several locations in California.

21. Prior to December 2013, GIA SMITH, GURPREET SINGH, and RICHARD VERSTL, in their capacity as authorized agents of several, if not all, of the Defendant Entities, visited TASM's warehouse in Vernon Hills, Illinois to purchase medical equipment needed for their hospital.

22. In December 2013, Defendants made a purchase for the first time from TASM.

23. After Defendants purchased the medical equipment, AUBREY JOHNSON, an agent of Defendants, flew to Chicago and visited TASM's warehouse to inspect the equipment Defendants had purchased.

24. Since the first order in 2013, Defendants continued to reorder medical equipment from TASM in Illinois.

25. In 2017, Defendants placed several orders with TASM totaling over $320,000.00. A true and correct copy of the Invoices is attached hereto as group Exhibit 1.

26. TASM shipped all items pursuant to the orders placed in 2017, as requested by Defendants.

27. Defendants received all goods ordered from TASM in 2017.

28. However, despite receiving all of the goods ordered, Defendants failed to pay the contract price for the goods.

29. To date, Defendants have only paid TASM $95,012.12 toward the balance for the orders placed in 2017.

30. The remaining balance Defendants owe on the orders to TASM is $224,987.88.

31.     On October 23, 2017, the Owner of TASM, RICK KOPIN, contacted GIA SMITH by email about the money owed to TASM by the Defendants.

32.     Defendants, through their agents, acknowledged the balance owed to TASM and promised prompt payment of the amount due.

33.     In response to Rick Kopin's email, sent on the same day, GIA SMITH stated that she would "be getting [a] check to [TASM] today." A true and correct copy of the Emails is attached hereto as Exhibit 2.

34.     Despite Defendants assurances, no such payment was ever tendered to TASM.

35.     Again, on November 14, 2017, RICK KOPIN contacted GIA SMITH by email, asking for an update on when the payment in full for the equipment would be made by Defendants for the equipment ordered, shipped, and received.

36.     Defendants, through their agents, again acknowledged the balance owed to TASM and promised prompt payment of the amount due.

37.     GIA SMITH responded on the same day by email stating that she was "working on it." See Exhibit 2.

38.     Despite Defendants assurances, no such payment was ever tendered to TASM.

39.     On December 7, 2017, after not receiving the payment in full, RICK KOPIN again reached out to GIA SMITH by email asking for an update on the payments owed to TASM. See Exhibit 2.

40.     Again, on January 4, 2018, RICK KOPIN reached out to GIA SMITH by email, asking whether Defendants planned on paying TASM for the equipment the company had shipped to Defendants.

41.     The same day, GIA SMITH responded by saying that Defendants would make good on its payments and that Defendants are just waiting on funding. See Exhibit 2.

42.     Despite Defendants assurances, no such payment was ever tendered to TASM.

43.     Thereafter, TASM contacted Defendants' accounting employees in order to determine who was in charge of the accounts payable for Defendants.

44.     On January 8, 2018, TASM, by email, contacted EDITH CAMPA, who, upon information and belief, was in charge of accounts payable for COLUSA REGIONAL MEDICAL CENTER and PACIFIC GARDENS MEDICAL CENTER locations.

45.     On January 8, 2018, TASM by email also contacted CYNTHIA HODSON, who was in charge of accounts payable for the CENTRAL VALLEY SPECIALTY HOSPITAL location.

46.     In the email(s), TASM attached all open invoices for Defendants. See Exhibit 2.

47.     No payment was received in response to TASM's requests.

48.     On January 30, 2018, after not receiving any payment from Defendants, RICK KOPIN again contacted GIA SMITH by email seeking information about the payments.

49.     GIA SMITH responded by saying, "You will get paid next week I will call you." See Exhibit 2.

50.     However, TASM did not receive any payments from Defendants following this communication.

51.     After not receiving any payments from Defendants, TASM again contacted the accounts payable departments.

52.     TASM was told that TAMMY THOMPSON would be able to give TASM an update on Defendants paying the invoices.

53.     TAMMY THOMPSON stated Defendants were getting some payment(s) released from a title company and that TASM would be receiving some kind of payment.

54.     However, still to this date, Defendants have not paid TASM.

55.     On or about March 20, 2018, TASM again contacted GIA SMITH by email seeking any updates regarding the payments owed by Defendants.

56.     GIA SMITH replied stating that Defendants would be getting "something out today," that she would call TASM, and that "[t]he check will be from Glenn Medical Center." See Exhibit 2.

57.     Two days later, on or about March 22, 2018, GIA SMITH stated that $30,000.00 was sent the day before. See Exhibit 2.

58.     However, TASM never received a payment towards the balance owed by Defendants.

59.     As of the date on which this Complaint was filed, Defendants still have failed to make a payment toward the balance of $224,987.88 Defendants owe on the orders.

## COUNT I
### Breach of Written Contract
### Against Central Valley Specialty Hospital, Inc.

60.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

61.     On or about August 29, 2017 and October 2, 2017, Defendant, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., entered into sales contracts for medical equipment to be used at the 17th Street location in Modesto, California totaling $27,517.88.

62.     Pursuant to the orders made by Defendant, TASM fulfilled and shipped the orders to Defendant.

63.     TASM performed its obligations under the sales contracts.

64.     Defendant received and accepted the equipment from TASM.

65.     Defendant has since breached the sales contracts by failing to fulfill its duties and obligations to TASM by failing to make payments to the balance owed to TASM.

66.     Defendant owes a remaining balance of $27,225.00 to TASM.

67.     As a result of Defendant's breach of contract, Plaintiff has suffered damages.

68.     Amounts due to Plaintiff were withheld by Defendant by an unreasonable and vexatious delay of payment.

**WHEREFORE**, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count I, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendant, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., a California corporation in a sum of damages in the principal amount of $27,225.00, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as may be proven at trial to constitute the full extent of Plaintiff's damages, together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

## COUNT II
### Breach of Written Contract
### Against Colusa Regional Medical Center

69.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

70.     On or about September 15, 2017, October 11, 2017, December 29, 2017, Defendant, COLUSA REGIONAL MEDICAL CENTER, entered into a sales contract for medical equipment to be used at the COLUSA REGIONAL MEDICAL CENTER, location totaling $213,442.88.

71.     Pursuant to the orders made by Defendant, COLUSA REGIONAL MEDICAL CENTER, TASM fulfilled and shipped the orders to the COLUSA REGIONAL MEDICAL CENTER.

72.     TASM performed its obligations under the sales contract.

73.     Defendant received and accepted the equipment from TASM.

74.     COLUSA REGIONAL MEDICAL CENTER has a remaining balance of $132,455.00 owed to TASM for the goods purchased.

75.     Defendant has since breached the sales contract by failing to fulfill its duties and obligations to TASM by failing to make payments to the balance owed to TASM.

76.     As a result of Defendant's breach of contract, Plaintiff has suffered damages.

77.     Amounts due to Plaintiff were withheld by Defendant by an unreasonable and vexatious delay of payment.

**WHEREFORE**, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count II, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendant, COLUSA REGIONAL MEDICAL CENTER, a California, corporation in a sum of damages in the principal amount of $132,455.00, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as may be proven at trial to constitute the full extent of Plaintiff's damages, together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

**COUNT III**
**Breach of Written Contract**
**Against Glenn Medical Center, Inc.**

78.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

79.     On or about December 29, 2017, Defendants, through their agents, asked TASM to re-submit an invoice for equipment purchased by Defendants to Defendant, GLENN MEDICAL CENTER, INC., in the amount of $144,000.00.

80.     Upon information and belief, the equipment was to be used at the GLENN MEDICAL CENTER facility.

81.     Pursuant to the orders made by Defendants, TASM resubmitted an invoice to the GLENN MEDICAL CENTER.

82.     The goods ordered by Defendants were delivered pursuant to the terms of the invoice to Defendant, GLENN MEDICAL CENTER, INC.

83.     TASM performed its obligations under the sales contracts.

84.     Defendant, GLENN MEDICAL CENTER, INC., received and accepted the equipment from TASM.

85.     Defendant has since breached the sales contracts by failing to fulfill its duties and obligations to TASM by failing to make payments to the balance owed to TASM.

86.     As a result of Defendant's breach of contract, Plaintiff has suffered damages.

87.     Amounts due to Plaintiff were withheld by Defendant by an unreasonable and vexatious delay of payment.


**WHEREFORE**, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count III, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendant, GLENN MEDICAL CENTER, INC., a California corporation, in a sum of damages in the principal amount of $144,000.00, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as may be proven at trial to constitute the full extent of Plaintiff's damages, together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

## COUNT IV
### Breach of Written Contract
### Against Pacific Gardens Medical Center LLC

88.     Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

89.     On or about August 25, 2017, Defendants entered into a sales contract for medical equipment to be used at their PACIFIC GARDENS MEDICAL CENTER location totaling $63,615.00.

90.     Pursuant to the orders made by Defendant, PACIFIC GARDENS MEDICAL CENTER LLC, TASM fulfilled and shipped the orders to the PACIFIC GARDENS MEDICAL CENTER.

91.     TASM performed its obligations under the sales contracts.

92.     Defendant received and accepted the equipment from TASM.

93.     Defendant has since breached the sales contracts by failing to fulfill its duties and obligations to TASM by failing to make payments to the balance owed to TASM.

94.     PACIFIC GARDENS MEDICAL CENTER LLC owes a balance for the goods purchased in the amount of $43,615.00.

95.     As a result of Defendant's breach of contract, Plaintiff has suffered damages.

96.     Amounts due to Plaintiff were withheld by Defendant by an unreasonable and vexatious delay of payment.

WHEREFORE, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count IV, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendant, PACIFIC GARDENS MEDICAL CENTER LLC, a California limited liability company, in a sum of damages in the principal amount of $43,615.00, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as may be proven at trial to constitute the full extent of Plaintiff's damages, together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

## COUNT V
## ACTION FOR THE PRICE PURSUANT TO 810 ILCS 5/2-709

97. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

98. On or about August 29, 2017 and October 2, 2017, Defendants entered into sales contracts for medical equipment to be used at the 17th Street location in Modesto, California totaling $27,517.88.

99. On or about September 15, 2017, October 11, 2017, December 29, 2017, Defendants entered into sales contracts for medical equipment to be used at the COLUSA REGIONAL MEDICAL CENTER, location totaling $213,442.88.

100. On or about December 29, 2017, Defendants entered into sales contract(s) for medical equipment to be used at the GLENN MEDICAL CENTER location totaling $144,000.00.

101. On or about August 25, 2017, Defendants entered into a sales contract for medical equipment to be used at their PACIFIC GARDENS MEDICAL CENTER location totaling $43,615.00.

102. Pursuant to the orders made by Defendants, TASM fulfilled and shipped the orders to Defendants.

103. TASM performed its obligations under the sales contracts.

104. Defendants have received and accepted the equipment from TASM.

105. Defendants failed to pay the price as it became due to TASM.

106. As a result of Defendant's breach of contract, Plaintiff has suffered damages, including incidental damages.

107. Amounts due to Plaintiff were withheld by Defendants by an unreasonable and vexatious delay of payment.

108. There remains an outstanding balance of $224,987.88 due to TASM.

**WHEREFORE**, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count V, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendants, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., a California corporation; COLUSA REGIONAL MEDICAL CENTER, a California corporation; GLENN MEDICAL CENTER, INC., a California corporation; and PACIFIC GARDENS MEDICAL CENTER LLC, a California limited liability company (hereinafter collectively referred to as "Defendants" and/or "Defendant Entities") in a sum of damages in the principal amount of $224,987.88, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as may be proven at

trial to constitute the full extent of Plaintiff's damages, together with all of Plaintiff's incidental damages as allowed by 810 ILCS 5/2-709 and 810 ILCS 5/2-710, and together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

## COUNT VI
## ACCOUNT STATED

109.    Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

110.    Prior to 2017, Plaintiff and Defendants conducted monetary transactions.

111.    On or about August 29, 2017 and October 2, 2017, Defendants entered into sales contracts for medical equipment to be used at the 17th Street location in Modesto, California totaling $27,517.88.

112.    On or about September 15, 2017, October 11, 2017, December 29, 2017, Defendants entered into sales contracts for medical equipment to be used at the COLUSA REGIONAL MEDICAL CENTER, location totaling $213,442.88.

113.    On or about December 29, 2017, Defendants entered into sales contract(s) for medical equipment to be used at the GLENN MEDICAL CENTER location totaling $144,000.00.

114.    On or about August 25, 2017, Defendants entered into a sales contract for medical equipment to be used at their PACIFIC GARDENS MEDICAL CENTER location totaling $43,615.00.

115.    Pursuant to the orders made by Defendants, TASM fulfilled and shipped the orders to Defendants.

116.    TASM performed its obligations under the sales contracts.

117.   Defendants have received and accepted the equipment from TASM.

118.   Defendants failed to pay the price as it became due to TASM.

119.   On several occasions, Plaintiff's agents contacted Defendants' agents, officers, and directors regarding the outstanding balance owed by Defendants.

120.   The account stated demonstrated the mutual assent of both Plaintiff and Defendants to the amounts charged.

121.   Defendants never objected to the amounts demanded by Plaintiff.

122.   As a result of Defendants' failure to pay the Account Stated, Plaintiff has suffered damages, including incidental damages.

123.   Amounts due to Plaintiff were withheld by Defendants by an unreasonable and vexatious delay of payment.

124.   There remains an outstanding balance of $224,987.88 due to TASM.

**WHEREFORE**, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count VI, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendants, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., a California corporation; COLUSA REGIONAL MEDICAL CENTER, a California corporation; GLENN MEDICAL CENTER, INC., a California corporation; and PACIFIC GARDENS MEDICAL CENTER LLC, a California limited liability company (hereinafter collectively referred to as "Defendants" and/or "Defendant Entities") in a sum of damages in the principal amount of $224,987.88, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as may be proven at

trial to constitute the full extent of Plaintiff's damages, together with all of Plaintiff's incidental damages as allowed by 810 ILCS 5/2-709 and 810 ILCS 5/2-710, and together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

## COUNT VII
## UNJUST ENRICHMENT

125.    Pursuant to Fed. R. Civ. P. 10(c), Plaintiff restates, re-alleges, and incorporates by reference each and every allegation in Paragraphs 1 through 59 of this Complaint as if fully stated herein.

126.    On or about August 29, 2017 and October 2, 2017, Defendants entered into sales contracts for medical equipment to be used at the 17th Street location in Modesto, California totaling $27,517.88.

127.    On or about September 15, 2017, October 11, 2017, December 29, 2017, Defendants entered into sales contracts for medical equipment to be used at the COLUSA REGIONAL MEDICAL CENTER, location totaling $213,442.88.

128.    On or about December 29, 2017, Defendants entered into sales contract(s) for medical equipment to be used at the GLENN MEDICAL CENTER location totaling $144,000.00.

129.    On or about August 25, 2017, Defendants entered into a sales contract for medical equipment to be used at their PACIFIC GARDENS MEDICAL CENTER location totaling $43,615.00.

130.    Pursuant to the orders made by Defendants, TASM fulfilled and shipped the orders to Defendants.

131.    TASM performed its obligations under the sales contracts.

132.    Defendants have received and accepted the equipment from TASM.

133.	Defendants benefited from receiving the equipment.

134.	Defendants failed to pay the price as it became due to TASM.

135.	Defendants' benefit was to Plaintiff's detriment.

136.	As a result of Defendants' failure to pay the balance owed, Plaintiff has suffered damages, including incidental damages.

137.	Defendants' retention of the benefit of the equipment violates the fundamental principles of justice, equity, and good conscious.

138.	Amounts due to Plaintiff were withheld by Defendants by an unreasonable and vexatious delay of payment.

139.	There remains an outstanding balance of $224,987.88 due to TASM.

**WHEREFORE**, the Plaintiff, THE ALTERNATIVE SOURCE MEDICAL, LLC., a Delaware limited liability company (heretofore referred to as "TASM" and/or "Plaintiff"), by and through its attorneys, PERL & GOODSNYDER, LTD., as to Count VII, respectfully prays this honorable Court find in its favor and enter a judgment against the Defendants, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., a California corporation; COLUSA REGIONAL MEDICAL CENTER, a California corporation; GLENN MEDICAL CENTER, INC., a California corporation; and PACIFIC GARDENS MEDICAL CENTER LLC, a California limited liability company (hereinafter collectively referred to as "Defendants" and/or "Defendant Entities") in a sum of damages in the principal amount of $224,987.88, together with five percent (5%) per annum statutory prejudgment interest until the date judgment is entered against Defendants, or such greater or lesser sum as

may be proven at trial to constitute the full extent of Plaintiff's damages, together with all of Plaintiff's incidental damages, and together with the costs to bring said action, and further, such additional and/or alternative relief as this Honorable Court and the trier of fact deems fair, just, and reasonable.

Dated:      August 29, 2018                    Respectfully Submitted,

                                               THE ALTERNATIVE SOURCE MEDICAL, LLC,
                                               Plaintiff

                                               By its attorneys:

                                     By:       /s/ Allen R. Perl
                                               Allen R. Perl, ARDC No.:  6191920
                                               Vlad V. Chirica, ARDC No.:  6320436
                                               PERL & GOODSNYDER, LTD.
                                               Attorneys for the Plaintiff
                                               14 North Peoria Street, Suite 2C
                                               Chicago, Illinois 60607
                                               (312) 243-4500
                                               *aperl@perlandgoodsnyder.com*
                                               *vchirica@perlandgoodsnyder.com*